## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Changzhou Yichen Trading Co., Ltd, | Case No. 2:26-cv-227 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

## COMPLAINT

Plaintiff Changzhou Yichen Trading Co., Ltd. (hereinafter, "Plaintiff") hereby brings this Complaint against Defendants, the partnerships and unincorporated associations identified on Schedule "A" (hereinafter, "Defendants"), and alleges as follows:

### I. INTRODUCTION

Plaintiff brings this action against Defendants for infringement of Plaintiff's registered copyright (the "Asserted Copyright"). Defendants operate e-commerce stores on various online e-commerce platforms and use those stores to market, distribute, offer for sale, and sell infringing products that look almost identical to the products sold by Plaintiff. Plaintiff alleges that Defendants' actions constitute infringement of Plaintiff's Asserted Copyright.

### II. PARTIES

1. Plaintiff Changzhou Yichen Trading Co., Ltd**.** ("Plaintiff") is a company organized and existing under the laws of the People's Republic of China, with its principal place of business in China. Plaintiff operates an online e-commerce store under the storefront name " █████ ." Plaintiff is engaged in the business of marketing,

distributing, and selling products through online e-commerce platforms, including within the Western District of Pennsylvania. One of Plaintiff's primary products is the ███████ offered under ███████ ("Plaintiff's Product").

2. Plaintiff is the owner of a registered copyright in a group of unpublished photographic works depicting Plaintiff's ███████, including photographs entitled "███████." The copyright is registered with the United States Copyright Office under Registration No. ███████, with an effective date of registration of ███████ (the "Asserted Copyright"). A true and correct copy of the copyright registration certificate is attached hereto as **Exhibit 1**.

3. Defendants are various companies that operate one or more e-commerce storefronts under multiple fictitious names or aliases. Defendants market, offer for sale, and sell products that unlawfully copy, reproduce, and/or embody copyrighted works protected by the Asserted Copyright (the "Infringing Products"). Defendants' aliases are identified on **Schedule A**, and the Infringing Products are further identified by their corresponding ASINs and seller identification numbers on Schedule A.

4. The true names, identities, and addresses of Defendants are currently unknown and unverifiable due to the nature of their online operations. Certain aliases under which Defendants operate their e-commerce stores are not linked or associated with the true names of the Defendants. The reason why these aliases are not connected with the true names of the Defendants is that the Defendants employed such tactics to conceal their identities and the true scope of their operations. Plaintiff pleads with the Court that further discovery be allowed for Plaintiff to obtain such information regarding Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

5. Defendants conduct their illegal operations through fully interactive commercial storefronts hosted on e-commerce platforms (hereinafter, the "Infringing Storefronts"). Defendants target consumers in the United States, including the State of Pennsylvania, and have offered to sell and, on information and belief, have sold and

continue to sell Infringing Products to consumers within the United States, including the State of Pennsylvania. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

### III. NATURE OF THE ACTION

6. This is a civil action for copyright infringement under the laws of the United States, 17 U.S.C. § 501 *et seq*.

### IV. JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over each Defendant because they have purposefully directed and expressly aimed their tortious activities at the Commonwealth of Pennsylvania and established sufficient minimum contacts with Pennsylvania by, among other things, upon information and belief, advertising and selling infringing products bearing Plaintiff's copyrighted designs to consumers within Pennsylvania through a highly interactive commercial website, through the regular course of business, with the knowledge that Plaintiff is harmed in Pennsylvania as a result of Defendants' sales of infringing products to Pennsylvania residents. Plaintiff's claims arise out of and relate to Defendants' sales of infringing products bearing Plaintiff's copyrighted designs to Pennsylvania residents through the regular course of business. Alternatively, based on their overall contacts with the United States, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

9. Personal jurisdiction over a non-resident of the state in which the Court sits is proper to the extent authorized by the state's laws. Fed. R. Civ. P. 4(e). Pennsylvania authorizes personal jurisdiction over each Defendant pursuant to § 5322 of the Pennsylvania Consolidated Statutes, Title 42, (the "Pennsylvania Long Arm Statute") which provides in pertinent part:

(a) General Rule. A tribunal of this Commonwealth may exercise personal jurisdiction over a person … who acts directly or by an agent, as to a cause of action or other matter arising from such person:

1) Transacting any business in this Commonwealth [including, but not limited to]…

    i. The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

    ii. The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

    iii. The shipping of merchandise directly or indirectly into or through this Commonwealth.

    iv. Engaging in any business or profession within this Commonwealth.

* * *

3) Causing harm or tortious injury by an act or omission in this Commonwealth.

4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

* * *

10) Committing any violation within the jurisdiction of this Commonwealth of any statute … or rule or regulation promulgated thereunder by any government unit.

(b) Exercise of full constitutional power over nonresidents. In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum

contact with this Commonwealth allowed under the Constitution of the United States.

42 Pa. Cons. Stat. § 5322.

10. The Pennsylvania Long Arm Statute confers personal jurisdiction over the Defendants because Defendants regularly conduct, transact, and/or solicit business in Pennsylvania and in this Judicial District and, upon information and belief, derive substantial revenue from their business transactions in Pennsylvania and in this Judicial District. Defendants have availed themselves of the privileges and protections of the laws of Pennsylvania, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice. Defendants should reasonably expect that their actions in and outside of Pennsylvania would subject them to legal action in Pennsylvania and this Judicial District. For example:

a) Defendants have directed their business activities at consumers in Pennsylvania via Amazon and Temu, through which consumers in Pennsylvania can view Defendants' online storefronts, communicate with Defendants regarding Defendants' Infringing Products, and place orders for, purchase, and receive delivery of Defendants' Infringing Products in Pennsylvania.

b) Defendants are sophisticated sellers on Amazon and Temu, each operating one or more commercial businesses through which Defendants operate online storefronts to promote, advertise, distribute, offer for sale, and sell the Infringing Products imported into the United States.

c) Defendants (although foreign entities) accept payment in U.S. Dollars and offer shipping to Pennsylvania and this Judicial District (and calculate, charge, and remit tax based on sales into Pennsylvania and this Judicial District).

d) Upon information and belief, Defendants have cooperated, communicated, shared information, and coordinated their efforts in order to create an infringing marketplace operating in parallel to the legitimate marketplace of

Plaintiff and third parties authorized to sell products embodying Plaintiff's copyrighted works, including: employing and benefitting from substantially similar paid advertising, marketing, and advertising strategies (e.g., search engine optimization or "SEO"), in order to make their online storefronts appear more relevant and target a consumer searching for products embodying Plaintiff's copyrighted works. By their actions, in addition to the damages associated with unauthorized use of Plaintiff's copyrighted works, Defendants are causing concurrent and irreparable harm to Plaintiff and the consuming public by: (1) reducing the online visibility of Plaintiff's copyrighted works; (2) diluting and eroding the retail market price for Plaintiff's copyrighted works; (3) causing overall degradation of the value of goodwill associated with Plaintiff's copyrighted works; (4) devaluing the exclusivity that enhances the worth of Plaintiff's art and reputation; and (5) increasing Plaintiff's overall cost to market its goods and educate consumers about Plaintiff's copyrighted works.

e) Defendants are concurrently targeting their infringing activities toward consumers in, and causing harm in, Pennsylvania.

f) Defendants reside and/or operate in foreign jurisdictions with intellectual property enforcement systems and are cooperating by creating an illegal stream of infringing goods. (See, e.g., https://sellerdefense.cn/). Defendants regularly remove and add products from their online storefronts, making it extremely difficult to enforce Plaintiff's intellectual property under the laws of the United States.

g) Upon information and belief, Defendants are aware of Plaintiff and Plaintiff's copyrighted works and are aware that their infringement is likely to cause harm to Plaintiff in the United States, Pennsylvania, and this Judicial District.

h) Plaintiff is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized sale of the Infringing Products in direct competition with Plaintiff.

11. Alternatively, if Defendants contend that their use of Amazon, Temu, and other platforms should not be construed as contacts with the individual states and the Court accepts that contention, Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over Defendants because (1) the claims asserted herein arise under federal copyright law; (2) Defendants would not be subject to jurisdiction in any state's courts of general jurisdiction; and (3) exercising jurisdiction is consistent with the United States Constitution and laws. For example, exercising jurisdiction is constitutionally permissible because:

a) Defendants have purposefully directed their activities at the United States. The Defendants have voluntarily chosen to open accounts on Amazon, Temu, and Walmart to access the United States' market. Upon information and belief, Amazon, Temu, and Walmart target the entire United States, and do not provide sellers like Defendants with the ability to opt into or out of any particular jurisdiction (e.g., state) within the United States. Amazon, Temu, and Walmart the online marketplaces chosen by Defendants: (1) provide prices in U.S. dollars; (2) advertise free shipping to U.S. buyers, including buyers in Pennsylvania; and (3) provide testimonials of and reviews by U.S. buyers.

b) Upon information and belief, Defendants have each had sales of the Infringing Products in the United States.

c) Plaintiff's injuries arise from Defendants' forum-related activities. Defendants' offer to sell, sale, and distribution of the Infringing Products to U.S. residents is a but for cause of all of the infringement alleged in this action. Defendants know or should know that infringement of works copyrighted by U.S. entities or persons is likely to injure U.S. residents.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391: Defendants do not reside in the United States and are subject to venue in any district. Further, Defendants solicit business from this Judicial District and, upon information and belief, conduct and transact significant business in this Judicial District.

## V. GENERAL FACTS

13. In ███, Plaintiff independently conceived and created the copyrighted photographs, reflecting original creative expression in the selection, composition, lighting, and presentation of the products. Plaintiff invested substantial time, effort, and resources in producing the copyrighted photographs.

14. Plaintiff is the owner of all rights, title, and interest in and to U.S. Copyright Registration No. ███████, covering a group of unpublished photographic works depicting Plaintiff's ████████. The copyright was duly filed and registered with the United States Copyright Office in ███, with an effective date of ██████ ███. The Asserted Copyright is valid, subsisting, and enforceable, and protects the original creative expression embodied in Plaintiff's copyrighted product photographs.

15. Since that time, Plaintiff has continuously used the Asserted Copyright in connection with its products and marketing activities. Plaintiff owns and uses the copyrighted photographic works as part of its product listings and promotional materials and has consistently asserted its rights in the Asserted Copyright since the registration date.

16. Plaintiff has distributed and sold its products in commerce in the United States for several years and has used the copyrighted photographic works in connection with the marketing and sale of those products. Through such use, Plaintiff has established goodwill and recognition associated with its products and the Asserted Copyright.

17. Plaintiff's Product has received an average rating of 4.8 out of 5 based on ████ global ratings, demonstrating its popularity in the marketplace and the high level of customer satisfaction.

18. As a result of Plaintiff's use, promotion, and marketing of its products using the copyrighted photographic works, together with substantial sales of those products, Plaintiff has established considerable goodwill associated with the Asserted Copyright. The copyrighted photographs have become closely associated with Plaintiff's products

and serve as a valuable and recognizable indicator of Plaintiff as the source of those products.

19. Plaintiff is engaged in the business of marketing, distributing, and selling its products throughout the world, including within the Western District of Pennsylvania, through online e-commerce platforms.

20. Recently, Plaintiff discovered that Defendants were, and continue to be, operating fully interactive and active e-commerce storefronts on online e-commerce platforms, through which they promote, advertise, market, distribute, offer for sale, and sell products using Plaintiff's Asserted Copyright without authorization.

21. The Asserted Copyright has never been assigned or licensed to the Defendants in this matter.

22. Defendants had full knowledge of Plaintiff's ownership of the Asserted Copyright, including its exclusive right to use and license such intellectual property.

23. Defendants have targeted sales to Pennsylvania residents by setting up and operating e-commerce storefronts on online e-commerce platforms that target United States consumers, offer shipping to the United States, including Pennsylvania, accept payment in U.S. dollars and funds from U.S. bank accounts, and, on information and belief, have sold Infringing Products to residents of Pennsylvania.

24. Defendants knowingly and willfully import, distribute, offer for sale, and sell Infringing Products through their e-commerce storefronts on online e-commerce platforms. Without any authorization or license from Plaintiff, Defendants have knowingly and willfully offered for sale, sold, and imported into the United States for resale or use products that directly and indirectly infringe Plaintiff's Asserted Copyright. Defendants' e-commerce storefronts offer shipping to the United States, including Pennsylvania.

25. Defendants' Infringing Products are substantially similar to Plaintiff's Products, and Defendants' unauthorized copying of Plaintiff's copyrighted photographic

works is apparent.

26. Without Plaintiff's authorization, Defendants have copied, reproduced, and publicly displayed photographic images that are substantially similar to Plaintiff's copyrighted photographs. These infringing images appear in Defendants' product listings on online e-commerce platforms and are used in digital images for product marketing and promotion. The copied elements include the overall composition, arrangement, lighting, and presentation of the products. The visual similarities between Defendants' images and Plaintiff's copyrighted photographs indicate direct copying rather than independent creation.

27. Defendants' sales and distribution of products using infringing copies of Plaintiff's copyrighted photographs violate Plaintiff's exclusive rights under the Copyright Act and have caused, and continue to cause, irreparable harm to Plaintiff.

28. Defendants' infringing conduct is willful and intentional, undertaken with knowledge of Plaintiff's rights or with reckless disregard thereof, and has caused and will continue to cause Plaintiff irreparable harm.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501 et seq.)

29. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

30. Plaintiff is the owner of original and creative copyrighted photographic works depicting Plaintiff's products, which are entitled to copyright protection under the laws of the United States.

31. Plaintiff is the owner of a registered copyright in a group of unpublished photographic works registered with the United States Copyright Office under Registration No. ███████, with an effective date of ███████ (the "Asserted Copyright"). The registered works include original and creative product

photographs reflecting protectable artistic expression.

32. The Asserted Copyright is valid, subsisting, and enforceable. Plaintiff has not granted Defendants any license, permission, or authorization to copy, reproduce, distribute, or publicly display any of the copyrighted works protected by the Asserted Copyright.

33. Without Plaintiff's permission or authorization, and in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106, Defendants have unlawfully copied, reproduced, distributed, and publicly displayed photographic images that are substantially similar to Plaintiff's copyrighted photographic works.

34. The infringing images appear in Defendants' product listings on online e-commerce platforms and are used in connection with the marketing, promotion, offering for sale, and sale of Defendants' products.

35. Defendants' conduct constitutes copyright infringement pursuant to 17 U.S.C. § 501 et seq.

36. Defendants have willfully and deliberately infringed the Asserted Copyright. Defendants' infringement is obvious, notorious, and purposeful, and was carried out with knowledge of Plaintiff's rights or with reckless disregard thereof. Defendants have no good-faith basis to claim that their conduct does not infringe the Asserted Copyright. Such willful infringement constitutes egregious conduct within the meaning of 17 U.S.C. § 504.

37. As a result of Defendants' infringement of Plaintiff's exclusive rights under Title 17 of the United States Code, Plaintiff is entitled to recover actual damages and Defendants' profits attributable to the infringement pursuant to 17 U.S.C. § 504.

38. In addition, the Court may, in its discretion, award Plaintiff its full costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

39. Plaintiff is further entitled to injunctive relief to prevent and restrain Defendants from continuing to infringe the Asserted Copyright pursuant to 17 U.S.C. §

502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert or participation with them, be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. copying, reproducing, distributing, publicly displaying, or otherwise using Plaintiff's copyrighted photographic works protected by the Asserted Copyright, in any manner and through any medium, without Plaintiff's express authorization;

   b. committing any acts calculated to cause consumers to believe that Defendants' products are authorized, sponsored by, affiliated with, or otherwise connected with Plaintiff; and

   c. otherwise infringing Plaintiff's copyright and causing further harm to Plaintiff.

2. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, online marketplace platforms, such as, but not limited to, Amazon (collectively, the "Third Party Providers"), shall disable and cease displaying any listings, advertisements, or sales channels used by or associated with Defendants in connection with the infringing use of Plaintiff's copyrighted works;

3. As a direct and proximate result of Defendants' infringement of Plaintiff's copyright, Plaintiff be awarded damages pursuant to 17 U.S.C. § 504, including Defendants' profits attributable to the infringement;

4. Alternatively, and at Plaintiff's election, prior to entry of final judgment, Plaintiff be awarded statutory damages as provided by law pursuant to 17 U.S.C. § 504(c), including enhanced damages for willful infringement;

5. That Plaintiff recover its reasonable attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment and post-judgment interest as permitted by law; and

7. That the Court award such other and further relief as it deems just and proper.

Dated: February 6, 2026

*Marjorie Ouyang*

Respectfully submitted
By: /s/ *Marjorie Ouyang*
One Park Plaza, #600
Irvine, CA 92614
Marjorie.Ouyang@valleysummit
law.com
*Attorney for Plaintiff*